131 F.3d 147
 80 A.F.T.R.2d 97-7643, 97-2 USTC P 50,906
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Helen LISLE, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 94-17197.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 19, 1995.**
Decided Oct. 22, 1997.
 
 Appeal from the United States District Court for the Northern District of California, No. CV-94-01194-FMS; Fern M. Smith, District Judge, Presiding.
 Before: SNEED, TROTT, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Helen Lisle appeals the district court's judgment on the pleadings in favor of the United States in her action seeking a refund of federal income taxes for the years 1979 through 1985. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Lisle contends that the district court erred by granting judgment on the pleadings in favor of the government because the Commissioner of Internal Revenue's (the "Commissioner") deficiency determinations were invalid. We disagree.
 
 
 4
 We review de novo the district court's grant of judgment on the pleadings. See Merchants Home Delivery Serv. Inc. v. Hall & Co., 50 F.3d 1486, 1488 (9th Cir.), cert denied, 116 S.Ct. 418 (1995). We may affirm the district court's judgment on any ground supported by the record. See Salmeron v. United States, 724 F.2d 1352, 1364 (9th Cir.1983).
 
 
 5
 In Scar v. Commissioner, 814 F.2d 1363 (9th Cir.1987), we stated that "no particular form is required for a valid notice of deficiency, and the Commissioner need not explain how the deficiencies were determined." Id. at 1367 (internal citations omitted). Instead, "the notice must at a minimum indicate that the IRS has determined the amount of the deficiency." Id. In that case, the Commissioner attached various documents to the notice of deficiency which purported to show how the Commissioner determined a deficiency. See id. at 1365. Because the documents related to a tax shelter in which the taxpayers were not involved, the documents did not support the Commissioner's deficiency determination. See id. at 1370 ("Because the Commissioner's purported notice of deficiency revealed on its face that no determination of tax deficiency had been made in respect to the Scars, ... it did not meet the requirements of section 6212(a)"). Consequently, we refused to uphold the validity of the notice of deficiency. See id.
 
 
 6
 Here, unlike the taxpayers in Scar, Lisle did not allege that it was clear from the documents attached to the notice of deficiency or from the notice itself that the Commissioner failed to make a deficiency determination. Nor did Lisle allege that the Commissioner's notices failed to indicate that the IRS had determined an amount of deficiency. Cf. at 1367. Rather, Lisle merely asserted that the Commissioner failed to determine Lisle's citizenship, residency, and source of income and that as a result the notices were invalid.[1] However, Lisle cites no authority, nor are we aware of any, to support the proposition that the Commissioner must show in the notices of deficiency that such determinations have been made. Accordingly, the district court did not err by granting judgment on the pleadings for the government.
 
 AFFIRMED.[2]
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 We note that Lisle never alleged in her complaint that she was not a citizen or resident. Nor did she allege in her complaint that her income was from a source not subject to federal income taxation
 
 
 [2]
 Because we decide this case on the pleadings, we need not address Lisle's remaining contentions relating to improperly submitted evidence